IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GABRIEL GARCIA-HERNANDEZ,
    Petitioner,
    v.
DEPARTMENT OF HOMELAND SECURITY,
    Respondent

: Case No. 3:19-cv-222-KAP

Memorandum Order

    The petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241, ECF no. 1, is dismissed without prejudice to proceeding in the Southern District of New York, or in any other district where petitioner is currently confined.

    Petitioner, not proceeding *in forma pauperis*, submitted an incomplete petition for a writ of habeas corpus at ECF no. 1 when he was an inmate at Moshannon Valley Correctional Center in this district, and a consent to magistrate judge jurisdiction, ECF no. 3. The petition was a lightly modified mass-produced form that has been used by several other inmates at Moshannon Valley who, like petitioner, claim to be Cuban nationals improperly subject to United States Department of Homeland Security (DHS) detainers. Petitioner did not include information about the sentence petitioner is serving or identify the court that imposed sentence on him.

    I believe that petitioner is the Gabriel Lazaro Garcia-Hernandez serving a 180-month aggregate sentence imposed in the District of North Dakota at United States v. Garcia-Hernandez, Case no. 4:14-cr-76-DLH (D.N.D.) *See* United States v. Garcia-Hernandez, 803 F.3d 994 (8th Cir. 2015); Garcia-Hernandez v. United States, 915 F.3d 558, 559 (8th Cir. 2019), but if petitioner is not that Garcia-Hernandez, the discussion below still applies .

    Petitioner seeks a writ of habeas corpus ordering the DHS to lift the detainer lodged against petitioner as a removable alien and to notify the Bureau of Prisons (BOP) that because DHS has no interest in petitioner, the BOP should cancel the Public Safety Factor classification of petitioner as a removable alien. Petitioner asserts that this is required because although he is a Cuban national and an Immigration Judge has ordered him to be removed to Cuba, he is not removable because of the current state of diplomatic relations between the United States and Cuba. Petitioner also makes a conclusory assertion that he had not exhausted his administrative remedies before filing this petition because there was no administrative remedy available at Moshannon Valley.

    The stated reasons petitioner wants the court to take this action are so that he can be placed in a BOP facility, preferably a minimum-security facility closer to his family,

1

and so that he can participate in a pre-release program at a residential re-entry center. Petition at 7. Petitioner does not allege that he has actually applied for any program and been turned down, or that he is otherwise eligible for a pre-release program. If petitioner were still at Moshannon Valley, I would summarily deny the petition without need of service for substantially the same reasons I stated in the similar case of Ginebra-Vera v. Department of Homeland Security, Case No. 3:19-cv-213 KAP (W.D.Pa. July 29, 2020):

> The MVCC is a private prison operating under contract with the Bureau of Prisons that does not have some of the programs available at prisons operated directly by the Bureau of Prisons. Most of the inmates at MVCC are removable aliens serving federal sentences. Due to the current state of diplomatic relations with Cuba, Cuban nationals are generally not removable. To the extent that petitioner is claiming that as an alien subject to a detainer he is being denied equal protection by being disqualified from beneficial programs (including programs that would shorten the length of his confinement) this Court can reach the merits of that claim in a habeas petition. *See e.g.* Builes v. Warden Moshannon Valley Correctional Center, 712 Fed.Appx. 132, 133 (3d Cir.2017), *cert. denied sub nom.* Builes v. Kuta, 138 S.Ct. 1573 (2018).
>
> The simple lack of desirability of the MVCC does not provide a basis for a writ of habeas corpus. The law is settled that barring a transfer to a supermax facility, *see* Wilkinson v. Austin, 545 U.S. 209 (2005) (holding that a challenge to the procedure used to transfer inmates to supermax prison was cognizable under Due Process Clause, but ruling against the challenge on the merits), or to a hospital for involuntary mental health treatment, *see* Vitek v Jones, 445 U.S. 480 (1980), a duly convicted prisoner has no federally enforceable right to be confined in any particular prison or at any particular custody level. Olim v. Wakinekona, 461 U.S. 238 (1983) (a prisoner has no constitutional right to be housed in a particular prison or state); Meachum v. Fano, 427 U.S. 215 (1976) (a prisoner has no liberty interest in which prison he is housed). That is true even if an ICE detainer or petitioner's custody level as an inmate with the PSF of removable alien disqualifies him from rehabilitative programs that might be available to other inmates, so long as the selection criteria for those programs do not work a denial of equal protection. To quote the Supreme Court:
>
>> Petitioner also argues that the pending warrant and detainer adversely affect his prison classification and qualification for institutional programs. We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C.§ 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process.
>
> Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). And there is no denial of equal protection: the disqualification of petitioner from a minimum security prison, or from

programs such as drug treatment (RDAP), or home detention or halfway house placement that are available to citizen inmates but not to him because he is an alien who is subject to removal proceedings whether he is removable or not, is rationally related to the Bureau of Prisons' legitimate interest in allocating beneficial programs first to inmates with indisputable ties to the United States. *See* McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir.1999), *cited with approval in* Builes, *supra*, 712 Fed.Appx. at 134; Espinoza v. Lindsay, 500 Fed.Appx. 123, 125n.2 (3d Cir.2012); Gallegos-Hernandez v. United States, 688 F.3d 190, 195-96 (5th Cir.2012), *cited with approval in* Builes, supra, 712 Fed.Appx. at 134; and Aguilera v. Federal Bureau of Prisons, 2013 WL 5676324 at *6 (N.D. Ohio Oct. 17, 2013)(collecting cases).

Petitioner's argument in a nutshell is that because he is Cuban he is not as a practical matter a removable alien, and it is irrational to treat him as if he were. Petitioner may be correct that when he serves his sentence he will be released in the United States because the United States cannot remove him to Cuba. That benefit to petitioner is a political accident, however, and the state of diplomatic relations with Cuba does not impose a legal duty on the part of the Department of Homeland Security to ignore his alien status, or on the part of the Bureau of Prisons to treat petitioner as if he were a citizen.

However, after filing his petition, petitioner filed a notice of a change of address to F.C.I. Ray Brook, and according to the Bureau of Prisons' website, petitioner has been moved again and is now at F.C.I. Otisville. His projected release date is December 12, 2026, which is consistent with the information available about the Garcia-Hernandez whose cases are listed above.

Since petitioner is no longer at a private prison but is confined in a Bureau of Prisons facility, the portion of the petition asking for DHS to remove its detainer and for the BOP to remove the deportable alien classification so that he can be transferred to a BOP facility "where he can take advantage of pre-release programs, and be released earlier from prison," Petition at 6, is moot.

However, petitioner is not due to be released under any conditions for as much as another six years, and while some of petitioner's claims may be moot, others may not even be ripe because the state of this country's diplomatic relations with Cuba is a matter that is subject to change in the next six years. My discussion in Ginebra-Vera about program availability in a private facility, quoted above, no longer applies to petitioner, but petitioner fails to articulate any claim that any specific pre-release program that would reduce his time in custody was withheld from him or is currently being withheld from him. In particular, with so much time to go before his sentence expires, petitioner does not point to any residential re-entry center that he would be admitted to if he had his DHS detainer lifted.

3

Petitioner is now confined in a BOP facility where there is unquestionably an administrative remedy system that petitioner can use, if he applies for any program and is denied for any reason. Also, under the CARES Act passed after the filing of the petition, petitioner's sentencing court can, upon a motion by the Director of the BOP or petitioner (if he has exhausted administrative remedies), reduce the term of the petitioner's for "extraordinary and compelling reasons[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The appropriate court to decide whether a DHS detainer or a PSF of removable alien limits the sentencing court's authority to reduce petitioner's sentence would be the court that sentenced the petitioner. If petitioner can articulate a claim that he is being denied a specific program as a result of DHS or BOP action, and can plausibly claim that access to the program will make a difference in his release date, the appropriate court to decide whether that is a violation of petitioner's rights is the court in the district where the petitioner was denied admission to the program.

The petition is dismissed without prejudice. The Motion to Request at ECF no. 4 is denied. The Clerk can mark this matter closed.

DATE: 19 January 2021

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Gabriel Garcia-Hernandez, Reg. No. 13158-059
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963